UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Prudencio Beltran-Lopez,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-16-0450-PHX-DGC (JFM)<br>CR-15-0482-PHX-DGC<br><br>**Report & Recommendation<br>on Motion to Vacate, Set Aside<br>or Correct Sentence** |

### I.   MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 16, 2016 (Doc. 1).  On June 15, 2016 Respondent filed its Response (Doc. 11) and a supplemental exhibit (Doc. 17) on July 5, 2016.  Movant has not filed a reply, and the time to do so expired on August 12, 2016.

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.   RELEVANT FACTUAL & PROCEDURAL BACKGROUND
**A.   FACTUAL BACKGROUND**

In the factual basis in his written Plea Agreement (Exhibit 15), Movant admitted the following:

> I am not a citizen or national of the United States. I was removed from the United States through San Ysidro, California, on September 27, 2013. I was voluntarily present and found in the United States at or near Phoenix, Arizona, on March 11, 2015. I did

1

> not obtain the express consent of the United States government to reapply for admission to the United States prior to returning to the United States.
>
> For sentencing purposes, I admit I was convicted of Possession of Marijuana for Sale, a felony, on July 27, 2009, in the Maricopa County Superior Court. I was represented by an attorney, and I was sentenced to three (3) years probation and three (3) months imprisonment.
>
> For sentencing purposes, I admit I was convicted of Re-Entry after Deportation, a felony, on June 21, 2011, in the United States District Court, District of Arizona. I was represented by an attorney, and I was sentenced to thirty-seven (37) months imprisonment and three (3) years supervised release.
>
> I further admit that I was under a term of supervised release in No. CR-11-00520-001-TUC-DCB(BPV) when the present offense was committed.

(CR Doc. 32 at 8.) (Docket entries in the underlying criminal case, CR-15-0482-PHX-DGC, are referenced herein as "CR Doc. ___". Exhibits to the Response, Doc. 11, are referenced herein as "Exhibit ___.")

Indeed, Movant was subjected to a Decision to Reinstate Order of Removal, which was issued on September 27, 2013 (Exhibit 9), and was removed on the same date (Exhibit 10, Executed Warrant of Removal). That removal was founded upon Movant's removal order entered on May 7, 1998. (*Id.*) The 1998 removal was based upon Movant's his conviction in Maricopa County Superior Court on January 17, 1997 for possession of narcotic drugs. (Exhibit 5, Not. to Appear.)

B.   **PROCEEDINGS AT TRIAL**

Movant was charged by Complaint (CR Doc. 1) on March 17, 2015 with violation of 8 U.S.C. § 1326(a), re-entry after removal. Movant subsequently waived indictment (CR Doc. 11), and was charged by Information (CR Doc. 12) with re-entry after removal in violation of 8 U.S.C. § 1326(a) and (b)(1).

Movant eventually entered into a written Plea Agreement (CR Doc. 32) addressing both the instant case and his violation of supervised release in CR-11-00520-001-TUC-DCB(BPV). Movant agreed to plead guilty to the charge in exchange for

agreements for stipulated reductions in offense level for acceptance of responsibility, termination of the supervised release in the prior case, and a base offense level of 8, plus adjustments for the most serious prior conviction, and early disposition departures. (*Id.* at 2-4.) The Plea Agreement contained the following provision:

> **4. WAIVER OF DEFENSES AND APPEAL RIGHTS**
> The defendant waives ( 1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

(CR Doc. 32 at 4-5 (emphasis in original.)

Movant entered his plea of guilty on April 28, 2015 before U.S. Magistrate Judge Burns. (CR Doc. 40, R.T. 4/28/15.) Judge Burns issued a Findings and Recommendation (CR Doc. 18) finding the plea knowingly and voluntarily entered, and recommending acceptance. The findings and recommendations were adopted, but acceptance of the pleas was deferred until sentencing. (CR Doc. 20, Min. Order 5/28/15.)

Respondent filed a Sentencing Memorandum (CR Doc. 26), recommending a high sentencing range sentence of 46 months based on Petitioner's criminal history and continuing conduct. The Presentence Investigation Report and Recommendation (CR Doc. 28) recommended a sentence of 41 months. Movant filed a Sentencing Memorandum (CR Doc. 29) concurring in that recommendation.

Movant appeared for sentencing on August 10, 2015, and was sentenced to 41 months, based on a departure under the early disposition program. (CR Doc. 31,

Judgment; CR Doc. 33, Statement of Reasons; CR Doc. 41, R.T. 8/10/15 at 9-10.)

### C. PROCEEDINGS ON DIRECT APPEAL

Movant did not file a direct appeal. (Motion, Doc. 1 at 2.)

### D. PRESENT FEDERAL HABEAS PROCEEDINGS

**Motion to Vacate** - Movant commenced the current case by filing his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on February 16, 2016 (Doc. 1). Movant's Motion asserted the following three grounds for relief:

> In Ground One, he argues that his indictment should be dismissed because the removal orders that formed the basis for his illegal reentry conviction were invalid. In Ground Two, Movant claims there was insufficient evidence to support the prior convictions used to calculate his sentence. In Ground Three, Movant argues that he received ineffective assistance from counsel because his attorney failed to attack the underlying removal orders and sentencing guidelines calculation, as discussed in Grounds One and Two.

(Order 3/1/16, Doc. 3 at 1-2.)

On screening, the Court dismissed Ground One and Two as unrelated to the voluntariness of Movant's guilty plea and waivers of review, and ordered a response to Ground Three. (*Id.* at 3-4.)

**Waiver of Privilege** – On April 12, 2016, Respondent filed a Motion for Order Requiring Defendant to Execute Limited Attorney-Client Privilege Waiver (Doc. 4). That motion was granted and Movant was directed to either withdraw his claims of ineffective assistance or file a waiver. (Order 5/10/16, Doc. 7.) Movant complied by providing his Waiver, which was filed by Respondents on May 13, 2016 (Doc. 8) and Movant on May 19, 2016 (Doc. 10). Respondents report that trial counsel nonetheless has refused to make any disclosures. (Response, Doc. 11 at 7, n. 4.) Neither party has since requested such an order.

**Response** - On June 15, 2016, Respondent filed its Response (Doc. 11). Respondent argues that Movant has waived his right to bring the instant Motion to Vacate (*id.* at 8-9), and his claims of ineffective assistance are without merit (*id.* at 10-

4

12) because there was an adequate factual basis for his guilty plea (*id.* at 12-14) and his offense level was properly calculated (*id.* at 14-20).

Respondent sought to file a recording of an immigration hearing as an exhibit to its Response. (Motion, Doc. 14.) The motion was denied, and Respondents were directed to file a transcript instead. (Order 6/16/16, Doc. 15.) On July 5, 2016, Respondent filed the transcript (Doc. 17).

**Reply** – The Court's scheduling order required any reply to be filed within 35 days of the filing of a response to the Motion to Vacate. (Order 4/27/16, Doc. 6 at 2.) The Order directing filing of the transcript provided that the time for a reply was extended to run from service of the transcript. (Order 6/16/16, Doc. 15.) The transcript (Doc. 17) was served on July 5, 2016. Accordingly, a reply was due on or before August 12, 2016. To date, Movant has not replied.

"The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.

### III.   APPLICATION OF LAW TO FACTS

**A.   WAIVER**

**1. Applicable Law**

   **a.   Implicit Waivers**

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

//

//

### b. Explicit Waivers

Beyond the waivers implicit in a guilty plea, the Ninth Circuit regularly enforces "knowing and voluntary" waivers of appellate rights in criminal cases, provided that the waivers are part of negotiated guilty pleas, *see United States v. Michlin*, 34 F.3d 896, 898 (9th Cir.1994), and do not violate public policy, *see United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir.1996) (cataloguing public policy exceptions). Similarly, the right to collateral review may be waived. See *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1993). Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements. *See Baramdyka*, 95 F.3d at 843.

However, to be enforceable, such waivers (like the plea itself) must be made "knowingly and voluntarily." *Michlin*, 34 F.3d a 898.

Similarly, the defendant's rights to challenge any sentencing errors may be explicitly waived. *See e.g. United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991). Further, where a waiver specifically includes the waiver of the right to attack a sentence, then it also waives "the right to argue ineffective assistance of counsel at sentencing." *U.S. v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000). Here, Movant's waiver extended to sentencing issues. However, it expressly excluded claims of ineffective assistance of counsel.

Granted, there are some flavors of errors at sentencing that are not waivable. *See e.g. United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir.1991) (sentence violates the terms of the plea agreement); *United States v. Johnson*, 67 F.3d 200, 203 n. 6 (9th Cir.1995) ("sentencing error could be entirely unforeseeable and therefore not barred"); *United States v. Jacobson*, 15 F.3d 19 (2nd Cir.1994) (sentencing disparity among co-defendants based entirely on race); *United States v. Marin*, 961 F .2d 493, 496 (4th Cir.1992) (sentence in excess of maximum statutory penalty or based on a constitutionally impermissible factor such as race).

//

//

### c. Knowing and Voluntary

The Supreme Court has stated that "[w]here, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . [A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].'" *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *Tollett*, 411 U.S. at 267) (internal quotation marks and citation omitted).

### 2. Application to Movant

In light of Movant's waiver by his plea and in his guilty plea, the Court dismissed all but Ground Three of the Motion to Vacate, which is founded upon Movant's assertions of ineffective assistance. (Order 3/1/16, Doc. 3.)

For the reasons discussed hereinafter, the undersigned concludes that Movant's claims of ineffective assistance are without merit, and do not establish that Movant's plea or waiver were unknowing or involuntary. Accordingly, Movant has effectively waived any claims arising under the waiver implicit in his guilty plea, and any claims explicitly waived in his Plea Agreement including his right to bring the instant action.

Because the Plea Agreement excludes from Movant's explicit waiver any claims of ineffective assistance of counsel, it does not bar Movant's claims in Grounds Three.

However, Movant's claims of ineffective assistance in Ground Three remain subject to the implicit waivers resulting from his guilty plea. *See Hill*, 474 U.S. at 56-57; *Tollett*, 411 U.S. at 267. Because the undersigned concludes hereinafter that the claims are without merit, they do not render the plea invalid and thus, at least with regard to the failure to challenge the removal order, do not avoid the implicit waiver.

//

//

## B. INEFFECTIVE ASSISTANCE

Movant asserts in Ground Three that trial counsel was ineffective for failing "to attack the underlying removal order and the imposition of a 16-level drug trafficking enhancement under §2L1.2." (Motion, Doc. 1 at 11.) Respondent argues neither assertion has merit.

### 1. Applicable Law

Generally, claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Movant must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694; *see also United States v. Thornton*, 23 F.3d 1532, 1533 (9th Cir. 1994)(*per curiam*); and *United States v. Solomon*, 795 F.2d 747, 749 (9th Cir. 1986). Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Strickland*, 466 U.S. at 697.

In evaluating claims of defective performance, the court must focus on whether the attorney's advice was appropriate under the circumstances existing at the time of the guilty plea. *See Strickland*, 466 U.S. at 690. It is clear that the failure to take futile action can never be deficient performance. *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).

Moreover, "[t]he law does not require counsel to raise every available nonfrivolous defense. Counsel also is not required to have a tactical reason—above and beyond a reasonable appraisal of a claim's dismal prospects for success—for recommending that a weak claim be dropped altogether." *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009) (citations omitted). The court need not determine the actual

reason for an attorney's actions, as long as the act falls within the range of reasonable representation, *Morris v. California*, 966 F.2d 448, 456-457 (9th Cir. 1991), but "may not indulge '*post hoc* rationalization' for counsel's decisionmaking that contradicts the available evidence of counsel's actions," *Harrington v. Richter*, 562 U.S. 86, 109 (2011).

To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. For example, "[a] defendant suffers prejudice when counsel's ineffective performance leads to an increased sentence for the defendant." *Daniels v. Woodford*, 428 F.3d 1181, 1206 (9th Cir. 2005) (citing *Glover v. United States*, 531 U.S. 198, 202-05 (2001)).

In evaluating claims of prejudice in the context of finding a plea invalid, the defendant must prove he was prejudiced from counsel's ineffectiveness by demonstrating a reasonable probability that but for his attorney's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. at 58-59; *Strickland*, 466 U.S. at 694; *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990). The defendant must show "that but for counsel's errors, he would either have gone to trial or received a better plea bargain." *U.S. v. Howard*, 381 F.3d 873, 882 (9th Cir. 2004).

**2. Validity of Underlying Removal Order**

Movant argues that there were irregularities in his 1998 removal order which rendered it invalid, and thus counsel's advice to plead guilty was deficient. (Motion, Doc. 1 at 4.)

Because this claim would have arisen prior to Movant's guilty plea, it would be barred by the implicit waiver under *Tollett*, unless shown to have rendered Movant's plea unknowing or involuntary.

Respondent casts Movant's argument in terms of the absence of a factual basis for

9

the plea and argues that the validity of the underlying removal order is not an element of the offense, that the fact of removal is all that is necessary and such fact was admitted by Movant. Respondent cites *U.S. v. Lopez*, 762 F.3d 852, 857 (9th Cir. 2014), and points out that Movant does not contend that he was not removed, but rather admitted at the change of plea that he had been removed. (Response, Doc. 11 at 12.)

Indeed, in *Lopez* the Ninth Circuit held that "8 U.S.C. § 1326 does not require the government to prove that an order of removal or deportation was issued where the alien has been deported or removed." 762 F.3d at 857. The court explained that language in § 1326(a)(1) referring to the existence of an order of removal only applied where an alien had "departed," and did not apply where he had been removed. ""[I]f actual physical removal or deportation is proven, a valid order of removal or deportation may be presumed." *Id.* at 858.

That does not mean, however, that the validity of the prior removal order is irrelevant to a subsequent conviction for re-entry. Rather, the statute explicitly provides for collateral attacks on the validity of the prior order of removal. *See* 8 U.S.C. § 1326(d). "A defendant charged with illegal reentry pursuant to 8 U.S.C. § 1326 has a due process right to bring a collateral attack challenging the validity of his underlying deportation order because it serves as a predicate element of his conviction." *United States v. Melendez–Castro*, 671 F.3d 950, 953 (9th Cir.2012) (*per curiam*) (citation omitted). *See also United States v. Aguilera-Rios*, 769 F.3d 626, 629–30 (9th Cir. 2014) (decided June 17, 2014, after the April 2, 2014 decision in *Lopez*) (quoting *Melendez-Castro*). "Where a prior removal order is premised on the commission of an aggravated felony, a defendant who shows that the crime of which he was previously convicted was not, in fact, an aggravated felony, has established both that his due process rights were violated and that he suffered prejudice as a result." *United States v. Martinez*, 786 F.3d 1227, 1230 (9th Cir. 2015).

Here, Movant's argument is not that there was no factual basis of a removal order, but that the removal order was invalid. Where a defense to a conviction exists, and

counsel fails to adequately investigate or advise his client on the defense prior to advising the defendant to plead guilty, there may be ineffective assistance of counsel rendering the plea (and the associated waivers) invalid. *See United States v. Baramdyka*, 95 F.3d 840, 845 *et seq.*(9th Cir. 1996) (considering effect of failure to advise on potential defense).

Movant founds his challenge to the 1998 removal order on an argument (more fully developed in the dismissed Ground One of the Motion) that his conviction in Maricopa County Superior Court on January 17, 1997 for possession of narcotic drugs did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Movant argues that the statutes under which he was convicted do not qualify categorically as an aggravated felony, nor did it qualify under the modified categorical approach.[1]

Respondent argues in a footnote that rather than Movant being deported based on an aggravated felony, that "based on the documentation," Movant's 1998 removal was "based on his prior conviction of possession of narcotic drugs." (Response, Doc. 11 at 3, n.3.) Indeed, in finding Movant removable, the immigration judge made no reference to "aggravated felony." Instead, the judge simply referenced Movant's conviction for possession of a narcotic. (*See* Exhibit 7, Removal Order 5/7/98; Exhibit 18, R.T. 5/7/98 at 7-8.) The judge announced his decision: "So you are deportable solely because of the drug conviction, Mr. Lopez." (Exhibit 18, R.T. 5/7/98 at 7.) The judge dictated on

---

[1] In *Johnson v. United States*, 135 S. Ct. 2551, 2557 (June 26, 2015), the Supreme Court concluded that a categorical approach to enforcing a generic "residual clause" under the Armed Career Criminal Act rendered the statute unconstitutionally vague and thus unenforceable. The analysis in *Johnson* was subsequently applied to invalidate the use of the crime of violence standard for finding an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015), *cert. granted*, 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016). It has also been applied to the Sentencing Guidelines' definition of a crime of violence. *See United States v. Rios*, 2:13-CR-02059-RHW, 2016 WL 4472996 (E.D. Wash. Aug. 12, 2016) (detailing other district court decisions at note 3). However, Movant does not contend that *Johnson*'s instruction on determining whether an offense is a "crime of violence" applies to his drug offense. The Ninth Circuit has continued after *Johnson* to apply the categorical/modified-categorical approach to determining whether a conviction qualifies as a drug trafficking offense under the sentencing guidelines. *See United States v. Rosales-Aguilar*, 818 F.3d 965, 973 (9th Cir. 2016).

11

the record the following as his order:

> At this proceeding pro se, he has admitted the five factual allegations. Based upon those admissions, the Court has sustained the charge of conviction of a law-related controlled substance. The Court has not sustained the other charge of entry without inspection since there is no factual allegation to support that particular charge.

(*Id.* at 8.)  In addition, the Notice to Appear made clear that the ground for removability was based upon "Section 212(a)(2)(A)(i)(II) of the Immigration and Nationality Act…as you are an alien who has been convicted of…law…relating to a controlled substance." (Exhibit 5.)  That provision, found at 8 U.S.C. § 1182(a)(2)(A)(i), provides:

> (i) In General
> Except as provided in clause (ii),[2] any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of--
> * * *
> > (II) a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21),
> is inadmissible.

Thus, Movant's 1998 removal was not based upon some determination that he had been convicted of an "aggravated felony," but simply upon his conviction for a controlled substance violation.  Movant proffers nothing to suggest why his conviction did not qualify under this provision.

Moreover, 8 U.S.C. § 1326(d) requires, before asserting a collateral challenge to a prior removal, a predicate showing that administrative remedies challenging the removal were exhausted, the proceedings improperly deprived the alien of the opportunity for judicial review, and the entry of the order was fundamentally unfair.  Movant proffers nothing to meet these requirements. At a minimum, it appears that Movant did not seek administrative review of his 1998 removal order in the Board of Immigration Appeals. (*See* Exhibit 8, 1998 Warrant of Removal (based on "final order by…an immigration judge.")

---

[2] 8 U.S.C. § 1182(a)(2)(a)(ii) relates to misdemeanor convictions of minors.  Movant appears to have been an adult at the time of his offense underlying the conviction in 1997, and was sentenced to 2.5 years, a felony.

Accordingly, any challenge to the validity of Movant's 1998 removal order (or his 2013 reinstatement of removal) would have been futile, and cannot establish ineffective assistance of trial counsel.

Finally, Movant fails to allege that had trial counsel properly advised him about a defense based upon the validity of his prior removal, that Movant would have rejected the plea and proceeded to trial. In light of the lack of merit to such claim, and the substantial benefits to Movant under the Plea Agreement (*i.e.* termination of supervised release proceedings, downward departures, and variances), the undersigned finds no basis to conclude that Movant would have done so.

Therefore, this claim of ineffective assistance would not render Movant's plea (or waiver) unknowing or involuntary, and would thus be barred by Movant's guilty plea.

### 3.  Enhancement for Drug Trafficking Offense

Movant also argues that trial counsel was ineffective for failing to attack the imposition of a 16-level drug trafficking enhancement under U.S.S.G. § 2L1.2. (Motion, Doc. 1 at 11.) Movant argues in his dismissed Ground Two that a conviction under Ariz. Rev. Stat. §§ 13-3405 and -3407 does not categorically qualify as drug trafficking offense because the statutes extend to simple possession, personal use, and transportation. He further argues that no authorized evidence was introduced to support a determination that Movant's offense was for a qualifying crime, *e.g.* the charging document, plea agreement, etc. (Motion, Doc. 1 at 7-10.)

Because this claim arose after Movant's guilty plea, it would not be subject to the implicit bar resulting from Movant's guilty plea. However, that also means it could not render Movant's previously entered plea unknowing or involuntary, and thus would not avoid the effect of his implicit waiver of Movant's other claim of ineffective assistance.

Respondent argues that Movant admitted, and the authorized records plainly show, that his 2009 conviction (in Maricopa County Case CR2001-007944) was for drug trafficking, which authorized the 12 level enhancement.

13

Section 2L1.2(b)(1)(B) of the Sentencing Guidelines provides for (dependent upon the sentence imposed on the prior) an 8 or 12 level increase if a deportation was "*after*…a conviction for a felony drug trafficking offense."[3]  (Emphasis added.)

The Application Note to the Guideline provides the following definition:

> (iv) "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, Application Note 1(B)(iv).

It appears to the Court that Movant's theory in Ground Two and the related portion of Ground Three may be focused on his possession-only conviction in 1997, and concludes it resulted in a 16 level enhancement.  However, the Presentence Investigation Report shows that the enhancement resulted from a 2009 conviction, and resulted in a 12 level increase.  (CR Doc. 28 at 5.)  Because § 2L1.2(b)(1) only requires that the deportation be "after" the qualifying conviction, not the cause of the deportation, the court could rely upon any qualifying conviction occurring prior to Movant's 2013 removal, not just the conviction which resulted in the original removal order.

Movant was convicted in the 2009 conviction of, *inter alia*, violating "A.R.S. § 13-3401, 13-3405, 13-3418, 13-610, 13-701, 13-702, 13-702.01, and 13-801." (Exhibit 14, Sentence 7/14/09.)

In determining whether a prior conviction qualifies as drug trafficking offense under § 2L1.2, the court must apply the categorical and modified categorical approaches described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a defendant's prior conviction satisfies U.S.S.G. § 2L1.2(b)(1). *See United States v. Leal-*

---

[3] The 12 level increase applies if the drug trafficking offense resulted in a sentence imposed of "13 months or less," and the 8 level increase applies if no criminal history points apply to the conviction.  U.S.S.G. § 2L1.2(b)(1)(B).  A 16 level enhancement only applies if the sentence on the prior "exceeded 13 months.  U.S.S.G. § 2L1.2(b)(1)(A). Movant's 2009 conviction resulted in a 3 month sentence, making the 12 level increase applicable.

*Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012) (applying *Taylor* to impose 16 level increase for drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)). The court begins by applying the categorical approach, looking only to the fact of conviction and the statutory definition of the prior offense. *Id.* at 1163-64.[4]

As argued by Movant, and recognized in the Presentence Investigation Report, the statutes under which Movant was convicted in 2009 are overly broad, because they include simple possession, without any required intent for distribution, etc. *See* Ariz. Rev. Stat. § 13-3405(A)(1) (person may not knowingly "[p]ossess or use marijuana"). (*See* CR Doc. 28, PSIR at 5, ¶ 10.)

However, the inquiry does not end there.

> If the statutory definition of the prior offense criminalizes conduct that would not constitute a "drug trafficking offense," then the statute is not a categorical fit, and we must consider whether the prior conviction may still be used for a sentencing enhancement using the modified categorical approach. We may not use the conviction for a sentencing enhancement unless "the record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate for enhancement purposes." Finally, if both the statute and the documents containing judicially noticeable facts would allow the defendant to be convicted of an offense that would not be a "drug trafficking offense," then the sentencing enhancement may not be applied.

*Leal-Vega*, 680 F.3d at 1163 (citations omitted). "Our inquiry is limited to "the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 1168 (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005).

Here, the judicially noticeable facts clearly establish that Movant's 2009 conviction was for a "drug trafficking offense." That conviction was on Count 2 of the

---

[4] In *Descamps v. United States*, 133 S. Ct. 2276, 2286 (2013) the Court clarified that the modified-categorical approach could only be turned to if the statute were "divisible." "The critical distinction is that while indivisible statutes may contain multiple, alternative means of committing the crime, only divisible statutes contain multiple, alternative elements of functionally separate crimes." *Rendon v. Holder*, 764 F.3d 1077, 1084–85 (9th Cir. 2014). Movant concedes that § 13-3405 is divisible. (Motion, Doc. 1 at 9 ("Arizona's statues are divisible").

Indictment. (Exhibit 14, Sentence 7/14/09.) The charge on Count 2 alleged Movant "possessed for sale an amount of marijuana having a weight of four pounds or more, in violation of A.R.S. §§ 13-3401, 13-3405, 13-3418, 13-701, 13-702, 13-702.01, and 13-801." (Exhibit 11 at 2.) That was the Count to which he agreed to plead. (Exhibit 12, Plea Agreement at 1.) At the plea hearing, the Court clarified:

> THE COURT: In CR2001-007944 I have a plea agreement that indicates you wish to plead guilty to Count II, possession of marijuana for sale, a Class 2 felony, and Count IV, unlawful flight from law enforcement vehicle, a Class 5 felony; both non-dangerous, non-repetitive offenses. Is that what you wish to do in the 2001 matter, sir?
> THE DEFENDANT: Yes.

(Exhibit 13, R.T. 6/13/09 at 6-7.) Defendant entered a plea of guilty to that charge.

> THE COURT: And in the 2001 matter, with respect to the charge of Count I, possession of marijuana for sale, a Class 2 felony, non-dangerous, non-repetitive, how do you plead, guilty or not guilty?
> THE DEFENDANT: Guilty.

(*Id.* at 14-15.) Movant's counsel offered the following factual basis for the charges:

> MR. SLACK-MENDEZ: With reference to the 2001 case, Your Honor, if the State were to proceed to trial the State would be able to prove that on or about October 17th, 2000, Mr. Castro-Lopez was stopped in Glendale, Arizona, Maricopa County, and at that point he -- once he was stopped and knew he was stopped by law enforcement officers, that he intended to flee the scene and he was thereafter stopped and there was a useable amount of marijuana in his possession. I believe that was approximately 37 pounds of marijuana. And that marijuana was possessed with the intention of sale.

(*Id.* at 15-16.)[5] Movant acknowledged those facts.

> THE COURT: Okay. And, sir, with respect to the 2001 matter, both with respect to the possession of marijuana for sale and the unlawful flight, is what your Counsel says correct?
> THE DEFENDANT: Yes.

(*Id.* at 16.)

Each of those records makes plain that the crime for which Movant was convicted was not a simple possession, but possession for sale of marijuana. Thus, as recognized

---

[5] Juan Castro-Lopez, the name used by Movant in his 2009 conviction, is one of Movant's many aliases. (*See* CR Doc. 28, PSIR at 2.)

in the Presentence Investigation Report, Movant's 2009 conviction qualified under the modified categorical approach as a drug trafficking offense. (*See* CR Doc. 28, PSIR at 5, ¶ 10.)

Indeed, Movant proffers no argument which would exclude his 2009 conviction from being classified as a drug trafficking offense under U.S.S.G. § 2L1.2. In particular, he makes no assertion that the elements of an Arizona possession for sale offense do not establish a drug trafficking offense. Rather, he simply complains that the Government failed to present evidence beyond the Presentence Investigation Report to support the contention that he was convicted of possession for sale. "The government did not produce the information or other Shepard-approved documentation and thus failed to establish a factual basis for the drug trafficking enhancement." (Motion, Doc. 1 at 9 (emphasis in original).)

But Movant fails to offer anything to suggest that had counsel objected to the PSIR's determination, that the Government would not have simply produced the documentation provided in this proceeding, which is sufficient to support a finding under the modified-categorical approach. Counsel is not required to raise every conceivable objection, and where one is easily refutable, counsel could make a reasonable tactical decision (particularly in light of Petitioner's admission to having been convicted of possession for sale, and the favorable recommendations under the presentence report in this case) to forego the objection. The Sixth Amendment does not require defense counsel to make futile and/or unwarranted objections and motions. *See, e.g., Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) (omitted action or claim must be shown to be meritorious to support ineffective assistance of counsel claim); *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir.1996) ("the failure to take futile action can never be deficient performance"); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir.1985) (the "[f]ailure to raise a meritless argument does not constitute ineffective assistance").

Accordingly, this portion of Movant's Ground Three is without merit.

/ /

**B.** **SUMMARY**

Movant implicitly waived any pre-plea errors by entering his guilty plea. Moreover, Movant explicitly waived his right to raise any other claims in a Motion to Vacate by the explicit terms of his Plea Agreement, with the exception of his claims of ineffective assistance of counsel. The undersigned has concluded that Movant's claims of ineffective assistance are without merit, and thus would not render his plea or waiver invalid. Moreover, at least Movant's claim of ineffective assistance relating to counsel's performance at sentencing would not have affected his pre-existing decision to plead guilty. Thus, the Court has already dismissed Grounds One and Two of the Motion to Vacate. And, dismissal of Movant's claim of pre-plea ineffective assistance regarding the removal order should be dismissed.

Further, because both of Movant's claims of ineffective assistance in Ground Three are without merit, Ground Three of his Motion to Vacate must be denied.

## IV.   CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling, and jurists of reason would not find the district court's assessment of the constitutional claims debatable or wrong.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be denied.

### V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed February 16, 2016 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

### VI.     EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

1  Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

2  However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: October 24, 2016

16-0450r RR 16 10 17 on HC.docx

James F. Metcalf
United States Magistrate Judge